UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

In re:                                                          Case No. 12-32462-BKC-AJC

THE GRACE BAPTIST CHURCH OF                                     Chapter 11
CUTLER RIDGE, FLORIDA, INC.,

      Debtor.
_____/

## SECURED CREDITOR'S MOTION TO DISMISS CASE

Secured Creditor Church & Towers Group, LLC ("Church & Towers") files its Motion to Dismiss this Chapter 11 case, and in support states as follows:

### Background

1. On September 20, 2012 (the "Petition Date"), The Grace Baptist Church of Cutler Ridge, Florida, Inc. (the "Debtor"), filed for protection under Chapter 11 of Title 11 of the United States Code.

2. Prior to the Petition Date, Coconut Grove Bank obtained a Consent Final Judgment of Foreclosure (the "Consent Judgment") against the Debtor in the amount of $687,718.93, in the case styled *Coconut Grove Bank v. The Grace Baptist Church of Cutler Ridge, Florida, Inc.*, Case No. 11-24206-CA-32 in Miami-Dade County, Florida. A true and correct copy of the Consent Judgment is attached hereto at **Exhibit A**.

3. The Consent Judgment pertains to the foreclosure of first priority liens encumbering three parcels of real property, more particularly described as:

> The West ½ of Tract 41 of PERRINE GRANT LAND CO. Subdivision of Section 1, Township 56 South, Range 39 East, according to Plat Book 3, at Page 141, of the Public Records of Miami-Dade County, Florida
>
> 19301 SW 127th Ave., Miami, Florida 33177

and

> The East ½ of Tract 41 of PERRINE GRANT LAND CO. Subdivision of Section 1, Township 56 South, Range 39 East, according to Plat Book 3, at Page 141, of the Public Records of Miami-Dade County, Florida
>
> 19370 SW 125th Ave., Miami, Florida 33177

(together, the "Church Properties"); and

> Lot 29, Block 3, VALENCIA GROVE ESTATES, according to the Plat thereof, as recorded in Plat Book 157, Page 52, Public Records of Miami-Dade County, Florida
>
> 13235 SW 201st Terrace, Miami, Florida 33177

(the "Residence,"[1] and together with the Church Properties, the "Properties").

4. Following the entry of the Consent Judgment, the sale of the Properties was set for September 21, 2012. However, the Debtor filed its voluntary petition on the literal eve of the foreclosure sale.

5. Subsequently, on July 31, 2013, Coconut Grove Bank assigned its rights and interest in the Consent Judgment to the Movant. A true and correct copy of the Assignment is attached hereto at **Exhibit B**. Accordingly, the Movant is the holder of the Consent Judgment and entitled to pursue all rights thereunder.

6. For purposes of tax assessment, the Miami-Dade Property Appraiser has valued the Church Properties at $2,444,857 ($1,951,776 and $493,081, respectively), and the Residence at $195,748.

---

[1] The Residence is not listed in the Debtor's schedules (ECF No. 13). However, the Movant believes this may be estate property and, in an abundance of caution, includes the Residence in its request for relief herein.

7. The Debtor has failed to pay the real property taxes on the Church Properties since 2008, all of which have been paid and/or the tax deeds satisfied, by Coconut Grove Bank, the Movant's predecessor in interest. A tax deed has been issued on the Residence for non-payment of real estate taxes due for 2012.

8. The Movant seeks dismissal of the instant Chapter 11 case pursuant to 11 U.S.C. § 1112(b).

## Legal Argument and Citation to Authority

The Bankruptcy Code requires the conversion or dismissal of a Chapter 11 case for "cause." 11 U.S.C. § 1112(b)(1). Pursuant to 11 U.S.C. § 1112(b)(4), the term "cause" has been further defined to include:

> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; …
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; …
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; …
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court[.]

Any of the non-exhaustive bases for cause listed in 11 U.S.C. § 1112(b) is sufficient to dismiss the case entirely. In the instant case, multiple bases are present.

**A. Dismissal is warranted for lack of appropriate insurance**

A debtor's failure to maintain adequate insurance is sufficient cause to dismiss a bankrutpcy case. *See, e.g., Gilroy v. Ameriquest Mort. Co. (In re Gilroy)*, Case No. BAP-NH-07-054, 2008 WL 4531982, at *5 (BAP 1st Cir. Aug. 4, 2008). Here, the Movant has repeatedly requested both proof of insurance and proof that the premiums are current on payments. Despite these requests, the Debtor has not provided proof of adequate insurance and has provided no

proof that any of the policies provided have been paid in full, or are current on premium installment payments.

Under the loan documents, the Debtor is required to maintain flood, hazard, liability, and windstorm insurance. The Debtor is also required to provide the Movant with proof of payment, and copies of renewal policies at least 15 days prior to the current policies' expiration.  To date, the Debtor has provided proof of flood insurance on the Properties, and proof of hazard and general liability insurance on the Church Properties.  The Debtor has failed to provide proof of hazard or general liability insurance on the Residence, or windstorm insurance on any of the Properties.  The Debtor has also failed to add Coconut Grove Bank, the Movant's predecessor in interest, as a mortgagee or loss payee on any of the insurance policies, aside from the flood insurance.  Further, the flood policies show that they provide far less coverage than the Debtor's own valuations for the properties and contents as set forth in their Schedules.  [ECF No. 13]. The Church Properties are covered for $255,300 ($250,000 and $5,300 respectively), while the Debtor scheduled the building and land at a value of $2,834,625.  The contents of the Church Properties are covered for flood losses up to $51,800 ($50,000 and $1,800), while the Debtor has scheduled the personal property at a value of $94,653.13.  The Residence has not been scheduled by the Debtor at all, but the Movant believes that the $10,600 in flood coverage for the building and its contents to be insufficient as well.  Because the Debtor has not provided the Movant with proof of adequate insurance, the Movant has had to obtain forced place insurance on the Properties at its own expense. However, that insurance only covers the Movant's interest in the property and would not provide any coverage to a third party or the estate.

Finally, the policies provided by the Debtor expire in October – the hazard and general liability on October 3, 2013, and the flood on October 18, 2013.  By the time this Motion is

before the Court for hearing, it will be time for the Debtor to provide policy renewal information. To date, the Debtor has not evidenced an ability to pay renewal premiums on these policies (assuming the existing policies are current in payment), nor do the Debtor's historical finances evidence an ability to fund the renewals. Accordingly, the Debtor's ongoing failure to insure, or provide adequate insurance, for the Properties poses a risk to the public and to the bankruptcy estate. Thus, dismissal for cause is warranted.

B. **Dismissal is warranted for failure to file required reports**

Since the Petition Date, the Debtor has continually failed to file timely the MORs. In this district, MORs must be filed on or before the 21st day of the month following the month for which the debtor is reporting. Local Bankruptcy Rule 2015-l; U.S. Trustee Operating Guidelines and Reporting Requirements. Thus, for example, the MOR for July 2013 must be filed no later than August 21, 2013. Here, the Debtor has continually failed to meet this unambiguous deadline. Indeed, as outlined below, of those reports that have actually been filed by the Debtor, each one was filed untimely. Moreover, of the six reports filed, half of them contain inaccurate information as the ending balance of the prior month does not match the beginning balance of the reported month.

|  | Due | Filed | Beginning balance | Receivables | Disburse. | Ending balance |
|---|---|---|---|---|---|---|
| **Sept. 2012** | 10/21/2012 | 12/19/2012 | $4,013.45 | $ 3,144.00 | $ 2,010.42 | $ 5,147.03 |
| **Oct. 2012** | 11/21/2012 | 12/19/2012 | 5,147.03 | 16,733.02 | 16,552.38 | 5,147.03 |
| **Nov. 2012** | 12/21/2012 | 1/22/2013 | 5,327.67 | 15,641.00 | 19,448.31 | 1,520.36 |
| **Dec. 2012** | 1/21/2013 | 1/22/2013 | 1,520.36 | 15,803.36 | 11,432.63 | 5,891.09 |
| **Jan. 2013** | 2/21/2013 | 4/18/2013 | 4,530.53 | 14,984.52 | 15,929.65 | 3,585.40 |
| **Feb. 2013** | 3/21/2013 | 4/18/2013 | 1,585.40 | 20,340.50 | 11,189.57 | 10,736.33 |
| **Mar. 2013** | 4/21/2013 | *Not filed* |  |  |  |  |
| **Apr. 2013** | 5/21/2013 | *Not filed* |  |  |  |  |
| **May 2013** | 6/21/2013 | *Not filed* |  |  |  |  |
| **June 2013** | 7/21/2013 | *Not filed* |  |  |  |  |
| **July 2013** | 8/21/2013 | *Not due* |  |  |  |  |

It is essential that the Court, the United States Trustee, and the creditors are able to evaluate the viability of the Bankruptcy Case. The MORs represent the sole source of information with which to evaluate and monitor the Debtor's post-petition performance. Without timely-filed MORs, the Debtor could cease operations or discontinue payments on necessary services directly impacting the value of the Debtor's assets, without the Court and other interested parties' knowledge, potentially causing diminution to the estate and irreparable harm to creditors before these parties could act to protect their interests through conversion, dismissal, or appointment of a Chapter 11 Trustee. Even in the best of circumstances, continual failure to comply with the mandatory reporting requirements in a timely manner warrants dismissal or conversion.

### C. Dismissal is warranted for failure to file or pay post-petition taxes

The failure of a chapter 11 debtor to pay post-petition taxes as they come due is sufficient cause to dismiss a bankruptcy case. *See, e.g., In re Berryhill*, 189 B.R. 463, 465 (N.D. Ind. 1995); *In re Lifeline, Inc.*, Case No. 12-24222-PM, 2013 WL 2354086 (Bankr. D. Md. May 29, 2013). The Debtor has failed to pay the real property taxes on the Properties, including the real property taxes that were due for 2012, which became delinquent on April 1, 2013. The Movant has paid the delinquent taxes on the Church Properties to prevent a tax deed from being sold. Nevertheless, a tax deed has been sold on the Residence, which remains outstanding. Because the Debtor has failed to pay post-petition taxes, dismissal is appropriate.

### D. Dismissal is warranted for failing to file a disclosure statement or plan

The failure of a chapter 11 debtor to file a disclosure statement or plan within the time set by the Bankrtuptcy Code, or as otherwise set by the Court, is sufficient cause to dismiss a bankruptcy case. *See, e.g. Myers v. Myers (In re Myers)*, 183 Fed. Appx. 738, 739-40 (10th Cir.

2006).  The Debtor's exclusivity period has long ago run without any attempt by the Debtor to file, or confirm, a plan or disclosure statement.  Indeed, the Debtor's only action in this case – retaining a broker and listing the Properties for sale - demonstrates an intention not to reorganize, but rather to liquidate.  Accordingly, dismissal is appropriate..

WHEREFORE, Church & Towers Group, LLC, respectfully requests this Court enter an order dismissing the instant bankruptcy case, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BAST AMRON LLP**
*Attorneys for Church & Towers Group, LLC*
SunTrust International Center
One Southeast Third Avenue, Suite 1440
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
Email: jbast@bastamron.com
Email: dquick@bastamron.com

By: _/s/ Dana R. Quick_
      Jeffrey P. Bast, Esq. (FBN 996343)
      Dana R. Quick, Esq. (FBN 0074402)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF System, where available, on August 13, 2013 and/or via U.S. Mail as indicated on the service list below, on August 14, 2013.

By: */s/ Dana R. Quick*
     Dana R. Quick, Esq.

**Via CM/ECF:**

- Coconut Grove Bank     sgold@swglawyers.com
- James H Fierberg     jhfpa@bellsouth.net
- Stuart M. Gold     sgold@swglawyers.com
- Kenneth M Jones     kjones@moodyjones.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Chad P Pugatch     cpugatch.ecf@rprslaw.com
- Christian Savio     csavio.ecf@rprslaw.com

**Via U.S. Mail:**

Ryan Shaw
5201 Blue Lagoon Dr. #100
Miami, FL 33126

Javier Vazquez
1450 Brickell Ave. #1900
Miami, FL 33131

*See also attached service list*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 12-32462-AJC<br>Southern District of Florida<br>Miami<br>Tue Aug 13 16:53:55 EDT 2013 | Ally Financial Inc. f/k/a GMAC Inc.<br>c/o Kenneth M Jones<br>1333 S. University Dr #201<br>Plantation, FL 33324-4001 | Church & Towers Group, LLC<br>c/o Jeffrey P Bast<br>One SE 3 Ave #1440<br>Miami, FL 33131-1714 |
| Coconut Grove Bank<br>c/o Stuart M. Gold, Esq.<br>5801 N.W. 151 Street, Ste. 307<br>Miami Lakes, FL 33014-2476 | The Grace Baptist Church of Cutler Ridge, Fl<br>19301 SW 127th Avenue<br>Miami, FL 33177-4299 | Ally Financial<br>PO Box 380901<br>Minneapolis, MN 55438-0901 |
| Ally Financial Inc. f/k/a GMAC Inc.<br>P O Box 130424<br>Roseville, MN 55113-0004 | American Express<br>c/o Law Offices of Pollack & Rosen<br>800 Douglas Road<br>North Tower, Suite 450<br>Miami, FL 33134-3125 | Apple Financial Services<br>PO Box 532617<br>Atlanta, GA 30353-2617 |
| CIT<br>PO Box 550599<br>Jacksonville, FL 32255-0599 | CIT Technology Financing Services, Inc.<br>c/o Bankruptcy Processing Solutions, Inc<br>1162 E Sonterra Blvd #130<br>San Antonio TX 78258-4048 | Coconut Grove Bank<br>c/o Rick Kuci, EVP<br>2701 Bayshore Drive<br>Miami, FL 33133-5383 |
| Coconut Grove Bank<br>c/o Stuart M. Gold, Esq.<br>5801 NW 151 Street, Ste. 307<br>Miami Lakes, FL 33014-2476 | GE Capital<br>PO Box 532617<br>Atlanta, GA 30353-2617 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Jam P. Napier<br>857 SW Abingodon Avenue<br>Port Saint Lucie, FL 34953-2862 | Johnson, Morgan & White<br>c/o Robert Morgan, Esq.<br>6800 Broken Sound Parkway<br>Boca Raton, FL 33487-5709 | Leaf Financial Corporation II<br>PO Box 644006<br>Cincinnati, OH 45264-0309 |
| Leaf Funding, Inc<br>2005 Market St 14th Fl<br>Philadelphia, PA 19103-7009 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Shell Fleet Card<br>PO Box 689010<br>Des Moines, IA 50368-9010 |
| Steven H. Naturman, P.A.<br>Steven H. Naturman, Esq.<br>9350 S. Dixie Highway, Suite 930<br>Miami, FL 33156-2945 | Chad P Pugatch Esq.<br>101 NE 3 Ave Suite 1800<br>Ft. Lauderdale, FL 33301-1252 | Christian Savio<br>101  NE 3 Ave # 1800<br>Ft lauderdale, FL 33301-1252 |
| James H Fierberg<br>Common Ground Mediation, Inc.<br>P.O. Box 414925<br>Miami Beach, FL 33141-0925 | Javier Vazquez<br>1450 Brickell Ave. #1900<br>Miami, FL 33131-3453 | Ryan Shaw<br>5201 Blue Lagoon Dr. #100<br>Miami, FL 33126-2065 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Miami                      (d)Leaf Financial Corporation II        End of Label Matrix
                              PO Box 644006                           Mailable recipients    26
                              Cincinnati, OH 45264-0309               Bypassed recipients     2
                                                                      Total                  28
```

# Exhibit A

00191636.DOCX 3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION

CASE NO. 11-24206 CA 32

COCONUT GROVE BANK,
a Florida Banking Association,

       Plaintiff,

vs.

THE GRACE BAPTIST CHURCH OF CUTLER RIDGE, FLORIDA, INC., a Florida corporation, fka GRACE BAPTIST CHURCH, INC., J.P. NAPIER, an individual, UNKNOWN TENANT ONE and UNKNOWN TENANT TWO,

       Defendants.
_____/

*CONSENT*

## FINAL JUDGMENT OF FORECLOSURE
(Pursuant to Administrative Order No 09-09)

THIS MATTER was heard before the Court on January 18, 2012 upon the motion of the plaintiff, COCONUT GROVE BANK, a Florida Banking Association, for summary final judgment. On evidence presented and upon the agreement of the defendant, THE GRACE BAPTIST CHURCH OF CUTLER RIDGE, FLORIDA, INC., a Florida corporation, fka GRACE BAPTIST CHURCH, INC, a Florida corporation, UNKNOWN TENANT ONE and UNKNOWN TENANT TWO it is ORDERED AND ADJUDGED that:

    1.    The Plaintiff's Motion for Summary Final Judgment is GRANTED. Service of process has been duly and regularly obtained over the Defendants, THE GRACE BAPTIST CHURCH OF CUTLER RIDGE, FLORIDA, INC., a Florida corporation, fka GRACE BAPTIST CHURCH, INC, a Florida corporation, UNKNOWN TENANT ONE and UNKNOWN TENANT TWO.

2.  **Amounts Due**.  The defendant, THE GRACE BAPTIST CHURCH OF CUTLER RIDGE, FLORIDA, INC., a Florida corporation, fka GRACE BAPTIST CHURCH, INC, a Florida corporation, is indebted and owes to CGB as follows:

**Principal** due on the note secured by the mortgage foreclosed:

| | |
|---|---:|
| Note1: | $209,844.40 |
| Interest through March 6, 2012 | 36,197.00 |
| Note2: | |
| Principal: | $390,553.68 |
| Interest through March 6, 2012 @ 18% | 48,698.85 |
| **Court Costs**: | |
| Filing Fee: | $1,946.00 |
| Summonses: | 164.00 |
| **Additional Costs**: | |
| Title Search: | 310.00 |
| Recording: | 5.00 |
| Subtotal: | $687,718.93 |
| Attorney Fees (Reserved) | |
| GRAND TOTAL: | $687,718.93 |

3.  **Interest**. The above referenced Grand Total referenced in paragraph 2 shall bear interest from this date forward at the statutory rate of 4.75 percent, until paid, and such further costs, expenses and advances as may be expended by Plaintiff in the prosecution of this action, including the Clerk's sale fee, the cost of publishing the Notice of Sale, and any sums expended by Plaintiff for Ad Velorem taxes, hazard insurance or property preservation as well as reasonable attorneys' fees which the court retains jurisdiction to determine and issue appropriate orders and judgments.

4.  **Lien on Property**. Plaintiff, whose address is Coconut Grove Bank, 2701 South Bayshore Drive, Miami, FL 33133 holds a lien for the Grand Total sum referenced in paragraph 2 above. The lien of the Plaintiff is superior in dignity to any right, title, interest

or claim of the defendants and all persons, corporations or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to FS § 718.116. The Plaintiff's lien encumbers the subject property located in Miami-Dade County, Florida and is described as:

> The West ½ of Tract 41 of PERRINE GRANT LAND CO. Subdivision of Section 1, Township 56 South, Range 39 East, according to Plat Book 3, at Page 141, of the Public Records of Miami-Dade County, Florida

> and

> The East ½ of Tract 41 of PERRINE GRANT LAND CO. Subdivision of Section 1, Township 56 South, Range 39 East, according to Plat Book 3, at Page 141, of the Public Records of Miami-Dade County, Florida

> and

> Lot 29, Block 3, VALENCIA GROVE ESTATES, according to the Plat thereof, as recorded in Plat Book 157, Page 52, Public Records of Miami-Dade County, Florida

5. **Sale of Property**. If the Grand Total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on ___SEP 0 4 2012___ to the highest bidder for cash, except as prescribed in paragraph 6, at:   *No sooner than 180 days*

[ ]   Room 908, 140 W. Flagler Street, Miami, FL at 11:00 am.

[X]   www.miamidade.realforeclose.com, the Clerk's website for on-line auctions at 9:00 am.

6. **Costs**. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk, if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the clerk shall Plaintiff's bid with the total sum with interest and costs accruing subsequent to this final judgment or such part thereof as may be necessary to pay in full the bid of the Plaintiff. The Clerk shall receive the service charge imposed in Section

45.031, FS, for services in making, recording and certifying the sale and title that shall be assessed as costs.

7. **Right of Redemption**. On filing of the Certificate of Sale, Defendant's right of redemption as proscribed by Section 45.0315, FS shall be terminated.

8. **Distribution of Proceeds**. On filing of the certificate of title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: First, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at at the rate prescribed in paragraph 2 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the Certificate of Disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9. **Right of Possession**. Upon filing of the certificate of title, defendants herein, and all persons claiming under or against defendants since the date of the filing of the lis pendens herein shall be foreclosed of all estate or claim of any kind or manner whatsoever in and to the property and the purchaser at the sale, its representatives or assigns, shall be let into immediate possession of said property, subject to the provisions of the "Protecting Tenant at Foreclosure Act of 2009."

10. **NOTICE PURSUANT TO FLORIDA STATUTES SECTION 45.031 (2006)**

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, MIAMI-DADE COURT, WITHIN TEN (10) DAYS AFTER THE SALE

TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE) FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

11. **Jurisdiction.** This court retains jurisdiction of this action to enter further orders that are proper, including without limitation, determining the amount of any deficiency claims and entering judgment thereon, issuing writs of possession; and determining the amount of attorney's fees and costs owed under the promissory notes and mortgages involved herein.

DONE AND ORDERED in chambers at Miami, Florida, this ___ day of January, 2012.

Conformed Copy

MAR 0 6 2012

Ellen L. Leesfield
_____
Circuit Court Judge

Copies furnished to:

Steven H. Naturman, Esq.
Steven H. Naturman, P.A.
9350 S. Dixie Highway, Suite 930
Miami, FL 33156

Coconut Grove Bank
Attn: Rick Kuci, EVP
2701 South Bayshore Dr.
Miami, FL 33133

Daryl L. Jones, Esq.
EquiVest Law, P.A.
8925 SW 148th Street, Suite 100
Miami, FL 33176

The Grace Baptist Church of Cutler Ridge, Florida, Inc.
Attn: Omar, A. Flores, Reg. Agent
19301 SW 127th Avenue
Miami, FL 33170

UNKNOWN TENANT TWO
aka CHESTER MULLIGAN
13235 SW 201st Terrace
Miami, FL 33177

# Exhibit B

## ASSIGNMENT OF JUDGMENT

**KNOW ALL PERSONS BY THESE PRESENTS:** That **COCONUT GROVE BANK,** a Florida banking corporation ("Assignor") in consideration of the sum of **TEN AND NO/100 ($10.00) DOLLARS,** and other valuable consideration received from or on behalf of **CHURCH & TOWERS GROUP, LLC,** a Florida limited liability company whose address is 1417 Tangier Street, Coral Gables, Florida 33134 ("Assignee"), at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto Assignee all of Assignor's right, title and interest in and to that certain JUDGMENT dated March 6, 2012 entered in the Miami-Dade Circuit Court, styled COCONUT GROVE BANK, a Florida Banking Corporation vs. THE GRACE BAPTIST CHURCH OF CUTLER RIDGE, FLORIDA, INC., a Florida corporation, fka GRACE BAPTIST CHURCH, INC., J.P. NAPIER, an individual, UNKNOWN TENANT ONE and UNKNOWN TENANT TWO, and having case no. 11-24206 CA 32.

THIS ASSIGNMENT IS MADE BY THE ASSIGNOR WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, EXCEPT THAT THE ASSIGNOR HEREBY REPRESENTS AND WARRANTS TO THE ASSIGNEE AS FOLLOWS: (I) THE ASSIGNOR IS THE OWNER AND HOLDER OF THE JUDGMENT; (II) THE ASSIGNOR HAS THE FULL RIGHT AND AUTHORITY TO ASSIGN THE SAME TO THE ASSIGNEE; AND (III) THE JUDGMENT IS NOT PLEDGED OR HYPOTHECATED TO ANY OTHER PERSON.

TO HAVE AND TO HOLD the same unto Assignee and its legal representatives, successors and assigns forever.

IN WITNESS WHEREOF, party of the first part has set its hand and seal this 30th day of July, 2013.

COCONUT GROVE BANK,
a Florida Banking Corporation

By: _____
Bruce Blaise, Sr. V.P.

STATE OF FLORIDA          )
COUNTY OF MIAMI-DADE      )

The foregoing instrument was acknowledged before me this 30th of July, 2013, by COCONUT GROVE BANK, a Florida banking association, through its Sr. V.P., Bruce Blaise, who is <u>personally known to me</u> or who has produced _____ identification and who did take an oath.

_____
Signature of Notary Public

XIOMARA VILLAVERDE
MY COMMISSION # EE 080110
EXPIRES: August 1, 2015
Bonded Thru Notary Public Underwriters